UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLARENCE TYLER                          CIVIL ACTION NO. 09-cv-0065

VERSUS                                  JUDGE HICKS

GRANITE STATE INSURANCE                 MAGISTRATE JUDGE HORNSBY
CO., ET AL

**MEMORANDUM ORDER**

Clarence Tyler filed this personal injury suit in state court against Granite State Insurance Company and American International Group ("AIG"). Granite State and AIG removed the case based on an assertion of diversity jurisdiction. Defendants described each of themselves as "a foreign corporation with its principal place of business in New York." Defendants asserted that AIG was improperly joined because Granite State was the proper insurer for the claims asserted. AIG filed a post-removal motion for summary judgment on the grounds that it did not issue an insurance policy that covered any claims at issue, and Plaintiff responded by voluntarily dismissing his claims against AIG.

The court has a duty to ensure the existence of subject-matter jurisdiction. It notes that Granite State and AIG have not properly alleged their own citizenship so that the court may make this determination. Defendants claim that AIG was improperly joined, so that its citizenship is not relevant, but it is best to know AIG's actual citizenship; if AIG is not a Louisiana citizen then the question of whether AIG was improperly joined will be irrelevant.

Counsel for Granite State and AIG should be well aware of the proper rules for alleging corporate citizenship.[1] This court has issued numerous orders to the removing law firm that carefully spelled out those rules.[2] Those orders were issued because "[a]lmost every notice of removal filed by the firm in recent years has been defective for one reason or the other, with the most common problems being failure to meet the minimal requirements of pleading the parties' citizenship and failure to plead or point to facts adequate to satisfy the amount in controversy requirement." Saxon v. Thomas, 2007 WL 1115239, *5 (W.D. La.

---

[1] A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation").

[2] See, e.g., Jackson v. Braden, 04 CV 0313 (citizenship of corporation not properly alleged; case remanded because assertion that a defendant was fictitious proved incorrect); Pinkney v. Family Dollar, 04 CV 1175 (corporation's citizenship and amount in controversy not properly alleged; defendant did not respond to order to amend, so case was remanded); Folks v. Goforth, 05 CV 0215 (court ordered amended notice of removal because defendants did not plead state of incorporation for four corporate defendants); Woods v. Eckerd, 05 CV 704 (court ordered defendant to amend notice of removal with respect to amount in controversy); Shyne v. Ryan's Family Restaurant, 05 CV 1190 (court ordered defendant to allege its own citizenship properly and plead facts to support the amount in controversy); Evans v. Family Dollar, 05 CV 1517 (court ordered defendant to properly plead its own citizenship and establish the amount in controversy); and Atkinson v. Laich Industries Corp., 05 CV 966 (amended notice of removal ordered to properly plead citizenship of two corporate defendants).

2007) (collecting such cases and imposing a $1,000 award of fees and costs for wrongful removal).[3] See also Hollier v. Willstaff Worldwide, Inc., 2009 WL 256503 (W. D. La. 2009) (collecting even more cases in which the firm filed deficient notices of removal).

The removing parties will be permitted until **April 10, 2009** to file an **Amended Notice of Removal** that clearly and specifically alleges, for each corporate defendant, both (1) the state in which it was incorporated and (2) the state in which the corporation's principal place of business is located.

Most attorneys do not need the court to spell out the removal rules more than once or twice, perhaps three times, before they begin to follow them, so the court grew tremendously frustrated after the firm's repeated failures (more than 10 listed in Saxon) to file a proper notice of removal, despite several orders from the court that explained the applicable rules. The undersigned ordinarily refrains from issuing sanctions except in the most extreme cases, and that policy was followed with the removing firm until it became clear that the firm absolutely refused to follow repeated instructions on how to allege the citizenship of parties and set forth the requisite amount in controversy.

The undersigned will once again refrain from imposing sanctions, trusting that Judge Melançon will have gained the firm's attention in Hollier (which issued after this case was removed) when he put at issue the possibility that the members of the firm will be barred from practicing in the Western District of Louisiana. The firm recently filed a memorandum

---

[3] Affirmed by Saxon v. Thomas, 2007 WL 1974914 (W.D. La. 2007).

in that case in which it represented that the firm will receive training in removal practice and will form a committee of partners who will review any notice of removal before it is filed. It is the sincere wish of the court that the training and committee are successful (if the firm's attorney's are permitted to continue practicing in this district) and end the firm's long history of filing deficient and time-wasting notices of removal.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE